IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2007 JUN 25 A 9: 31

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| CLYDE SCOFIELD, <br> TINA SCOFIELD, <br> PENNY COPELY AND <br> ROBERT HOBBY, <br> PLAINTFFS, <br><br> VS. <br><br> THE CITY OF FLORALA, <br> ALABAMA, AN ALABAMA <br> MUNICIPAL CORPORATION, AND <br> NEIL PITTMAN, <br> DEFENDANTS. | CASE NO. 2:07CV579-MEF <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

1. The Plaintiffs, Clyde Scofield, Tina Scofield, Penny Copely and Robert Hobby are each more than 19 years of age and bona fide resident citizens of the State of Alabama;

2. Defendant, the City of Florala, Alabama, is an Alabama Municipal Corporation that operated, maintained and supervised a municipal police department;

3. Defendant, Neil Pittman, is more than 19 years of age and, at the time of the events giving rise to this complaint, was employed by the City of Florala as a police officer;

4. This action is brought for damages and appropriate relief under 42 USC 1331 and 42 USC 1985 for violation of the Plaintiffs' civil rights under color of state law;

5. Jurisdiction is conferred upon this honorable court by 28 USC 1331 and 28 USC 1343 (a)(3). Venue is proper under 28 USC 1391 (b);

## FACTS

6. That on or about June 25, 2005, Clyde Scofield, Tina Scofield, Penny Copely and Robert Hobby were traveling together in a vehicle on Covington County (Alabama) Road 4 within the town limits and/or police jurisdiction of Florala, Alabama. The vehicle was owned by Hobby and operated by Tina Scofield (Hobby's daughter). Penny Copely

(Hobby's daughter) occupied the front passenger seat. Clyde Scofield (Hobby's son-in-law and Tina's husband) sat in the back seat with Hobby;

7. At or about 12:00 p.m. (noon) on June 25, 2005, the Plaintiffs' vehicle was stopped by Defendant, Neil Pittman and two other police officers on Covington County Road 4 near Yellow River Bridge. The Plaintiffs observed a Florala police vehicle wrecked in a ditch. The officers stated they needed to commandeer the Plaintiffs' vehicle to pursue a fleeing felon. The Plaintiffs were further advised that there was an "officer down" that needed immediate assistance. The police officers ordered Hobby and Clyde Scofield out of the vehicle. Tina Scofield (driver) and Penny Copely (front seat passenger) were directed to remain in the vehicle. Two police officers jumped in the back seat and directed Tina Scofield to drive;

8. Tina Scofield was ordered by the police officers to drive down a dirt road at a speed and in a manner unsafe for the conditions. After some distance, the suspect was found to be already in custody and the "officer down" was found to be safe;

9. Defendant, Neil Pittman, remained at the scene where Hobby and Clyde Scofield were removed from their vehicle. Both Hobby (then 74 years of age) and Clyde Scofield are disabled. Due to the heat of the day and Hobby's physical disabilities, Clyde Scofield and Hobby requested that Hobby be allowed to sit in the police vehicle (now removed from the ditch) with the air conditioner running. Defendant Pittman denied the request and there ensued a verbal exchange between Hobby and Pittman. Pittman avers in his deposition before the Covington County magistrate that Hobby asked where his "fucking car was," and that he (Hobby) didn't "give a god damn," he (Hobby) wanted his car. When told to calm down by Pittman, Hobby called Pittman a "bald headed son-of-a-bitch." Pittman placed Hobby under arrest for disorderly conduct;

10. Pittman used excessive and unreasonable force in the arrest of Hobby by choking him and throwing him in the open trunk of the patrol car; when Clyde Scofield came to the aid of Hobby, Scofield was physically assaulted by Pittman and used excessive and unreasonable force in the arrest of Scofield and threw him on top of Hobby in the trunk of the police vehicle;

11. As a proximate result of the excessive and unreasonable force used by Pittman, Clyde Scofield and Hobby required medical treatment for physical injuries they sustained;

## COUNT ONE
## VIOLATION OF FOURTH AMENDMENT RIGHTS OF CLYDE SCOFIELD AND ROBERT HOBBY BY DEFENDANT NEIL PITTMAN

12. Plaintiffs, Clyde Scofield and Robert Hobby, incorporate the factual averments of paragraphs six through eleven;

13. The Fourth Amendment encompasses the right to be free from the use of excessive force in the course of the arrest;

14. The degree of force used by Pittman in the arrest of Clyde Scofield and Robert Hobby was plainly excessive, wholly unnecessary and grossly disproportionate under the circumstances and violates the Plaintiffs' Fourth Amendment rights;

15. Pittman's conduct violated clearly established law;

16. As a proximate consequence of the violation, Clyde Scofield and Hobby suffered physical injuries, medical bills, emotional distress and mental anguish;

WHEREFORE, Plaintiffs, Clyde Hobby and Robert Hobby, demand judgment against Neil Pittman in an amount to be determined by the jury plus attorney's fees and costs; and for such further relief as the Plaintiffs may be entitled.

## COUNT TWO
## BATTERY OF CLYDE SCOFIELD AND ROBERT HOBBY

16. Plaintiffs, Clyde Scofield and Robert Hobby, incorporate the factual averments of paragraphs six through 11;

17. That on or about June 25, 2005, Defendant, Neil Pittman, while acting within the line and scope of his employment as a police officer for the town of Florala, committed a battery upon the person of Clyde Scofield and Robert Hobby;

18. As a direct and proximate consequence of the battery, Clyde Scofield and Robert Hobby were caused to suffer physical injuries, medical bills, emotional distress and mental anguish;

WHEREFORE, Plaintiffs, Clyde Scofield and Robert Hobby demand judgment against Defendants, Neil Pittman and the Town of Florala in an amount to be determined by the jury to include, but not be limited to, compensatory and punitive damages, attorneys fees and costs.

## COUNT THREE
## FALSE IMPRISONMENT OF
## TINA SCOFIELD AND PENNY COPELY

19. Plaintiffs, Tina Scofield and Penny Copely incorporate by reference the factual averments of paragraphs six through eleven;

20. Plaintiffs, Tina Scofield and Penny Copely, were unlawfully detained by police officers of the Town of Florala, acting within the line and scope of their employment;

WHEREFORE, Plaintiffs, Tina Scofield and Penny Copely demand judgment against the Defendant, Town of Florala, for an amount to be determined by the jury to include, but not be limited to, compensatory and punitive damages, costs and attorneys fees.

## COUNT FOUR
## NEGLIGENT HIRING, TRAINING, SUPERVISION AND
## RETENTION OF POLICE OFFICER NEIL PITTMAN

21. Plaintiffs, Clyde Scofield and Robert Hobby incorporate by reference the factual averments of paragraphs six through eleven;

22. Defendant, the City of Florala owed a duty to hire, train and supervise its police officer, Neil Pittman;

23. The City of Florala knew, or had reason to know, that police officer Neil Pittman used and had used inappropriate and excessive force in effectuating arrests;

24. The City of Florala negligently, willfully and/or wantonly breached its duty by its continued employment of police officer Neil Pittman, and/or its failure to instruct and train the police officer on the appropriate use of force, and/or hired police officer Neil Pittman with knowledge of his inappropriate use of force;

25. As a proximate result of the foregoing breach of its (City of Florala) duty, the Plaintiffs, Clyde Scofield and Robert Hobby were caused to suffer physical injury, mental anguish and suffering, and monetary expenses for medical treatment;

WHEREFORE, the Plaintiffs, Clyde Scofield and Robert Hobby demand judgment against the Defendant, the City of Florala for an amount to be determined by the jury for compensatory and punitive damages and costs; and for such further relief as the Plaintiffs may be entitled.

## COUNT FIVE
### VIOLATION OF ROBERT HOBBY'S FIRST AMENDMENT RIGHTS BY NEIL PITTMAN AND THE CITY OF FLORALA

26. Plaintiff, Robert Hobby, incorporates the factual averments of paragraphs six through eleven;

27. On or about June 25, 2005, the Defendant, Neil Pittman, acting in his capacity as a police officer for the Defendant municipality, the City of Florala, Alabama, unlawfully and maliciously deprived and/or conspired to deprive the Plaintiff, Robert Hobby of certain rights guaranteed to him by the Constitution and Laws of the United States;

28. Plaintiff, Robert Hobby, is entitled to the fair and equal application of the Alabama Criminal statutes and the protection afforded him by the laws enacted by the United States Congress and the legislature of the State of Alabama. The actions of the Defendant police officer, Neil Pittman, on June 25, 2005, directly and proximately resulted in a deprivation of Robert Hobby's basic civil rights as guaranteed by the First, Fourth, Eight and Fourteenth Amendments to the United States Constitution and similar provisions of the State of Alabama Constitution. It is believed and averred that the defendant, the City of Florala, maintains an official policy to perform arrests of individuals who voice opposition and challenge police action or authority;

29. More specifically, the Plaintiff, Robert Hobby avers that his vehicle was seized by police officers of the City of Florala; that the City of Florala did not have in place a policy or procedure for the "commandeering" of vehicles; the police officers demanded that Hobby's daughters remain in the vehicle as they (the police) pursued a fleeing felon; that the police officers left Plaintiff, Robert Hobby, and elderly man with significant health problems on the side of the road in the mid-day sun; and that when the Plaintiff, Robert Hobby, verbally challenged the police officer, he was arrested solely for the words he used, i.e. protected speech.  There did not exist probable cause for an arrest for disorderly conduct.  Moreover, said arrest was attended with excessive force;

30. The actions, conduct, practice policy and/or custom of the Defendant, the City of Florala, its police department and officers resulted in physical and emotional injury, false arrest and battery to the person of the Plaintiff, Robert Hobby.

WHEREFORE, the Plaintiff Robert Hobby demands judgment against the City of Florala for compensatory and punitive damages, attorney's fees and costs in an amount to be determined by the jury.

## COUNT SIX
## VIOLATION OF THE FOURTH AMENDMENT RIGHTS OF ROBERT HOBBY AND CLYDE SCOFIELD BY THE DEFENDANT, THE CITY OF FLORALA

31. Plaintiffs, Robert Hobby and Clyde Scofield, incorporate the factual averments of paragraphs six through eleven;

32. On or about June 25, 2005, the Defendant, Neil Pittman, acting in his capacity as a police officer for the Defendant municipality, the City of Florala, Alabama, unlawfully and maliciously deprived and/or conspired to deprive the Plaintiffs, Robert Hobby and Clyde Scofield of certain rights guaranteed to him by the Constitution and Laws of the United States;

33. Plaintiffs, Robert Hobby and Clyde Scofield, are entitled to the fair and equal application of the Alabama Criminal statutes and the protection afforded them by the laws enacted by the United States Congress and the legislature of the State of Alabama. The actions of the Defendant police officer, Neil Pittman, on June 25, 2005, directly and

proximately resulted in a deprivation of Robert Hobby's and Clyde Scofield's basic civil rights as guaranteed by the First, Fourth, Eight and Fourteenth Amendments to the United States Constitution and similar provisions of the State of Alabama Constitution. It is believed and averred that the Defendant, the City of Florala, maintains an official policy to perform arrests of individuals who voice opposition and challenge police action or authority; and further to effectuate the arrest with an amount of force excessive and intended to punish those who may question police authority;

33. More specifically, the Plaintiffs, Robert Hobby and Clyde Scofield aver that when Robert Hobby demanded the return of his vehicle and expressed concerns for the safety of his daughters, police officer Neil Pittman became enraged and agitated and effectuated an unlawful arrest of Robert Hobby. In the course of the unlawful arrest of Hobby, Clyde Scofield went to the aid of his father-in-law and was himself unlawfully arrested and became the victim of unreasonable and excessive force. Both Plaintiffs required medical treatment for their physical injuries;

29. The actions, conduct, practice policy and/or custom of the Defendant, the City of Florala, its police department and officers resulted in physical and emotional injury, false arrest and battery to the persons of the Plaintiffs, Robert Hobby and Clyde Scofield.

WHEREFORE, the Plaintiffs, Robert Hobby and Clyde Scofield demands judgment against the City of Florala for compensatory and punitive damages, attorney's fees and costs in an amount to be determined by the jury.

_____
Charles M. Brunson
ASB 9921-R74C

OF COUNSEL:
JARED & BRUNSON
P. O. Box 358
Elba, Alabama 36323
334-897-3507

_____
Steve Blair
ASB 9829-R68S
P. O. Box 310843
Enterprise AL 36331
334-308-5375