**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CLYDE SCOFIELD, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:07-cv-579-MEF** |
| | ) | |
| **CITY OF FLORALA, ALABAMA, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ANSWER**

Defendants The City of Florala, Alabama, and Neil Pittman answer the plaintiffs' complaint as follows.

1.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 1.  Therefore, they are denied.

2.    The defendants admit the allegations of Paragraph 2.

3.    The defendants admit the allegations of Paragraph 3.

4.    The defendants deny the allegations of Paragraph 4.

5.    The defendants admit the Court has subject matter jurisdiction over the plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  The defendants deny that this action was filed in the proper division, see 28 U.S.C. § 81(b), but consent to venue in the Southern Division of the Middle District.

## **FACTS**

6.    The defendants admit the plaintiffs were traveling in a vehicle on Highway 4 in Covington County, Alabama, on June 25, 2005.  The defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 6.  Therefore, they are denied.

7.    The defendants admit that officers other than Neil Pittman flagged down the plaintiffs' vehicle, but deny that Neil Pittman did.  The defendants admit that a Florala police car was disabled.  The defendants admit that officers other than Neil Pittman rode in the plaintiffs' vehicle.  The defendants deny all other allegations of Paragraph 7.

8.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 8.  Therefore, they are denied.

9.    The defendants admit that Neil Pittman remained with his patrol car.  The defendants admit that plaintiff Hobby cursed Neil Pittman.  The defendants admit that plaintiff Hobby was placed under arrest for Disorderly Conduct.  The defendants deny all other allegations of Paragraph 9.

10.    The defendants deny the allegations of Paragraph 10.

11.    The defendants admit that plaintiffs Hobby and Clyde Scofield obtained medical treatment, but deny all other allegations of Paragraph 11.  The defendants specifically deny the allegation of excessive and unreasonable force.

**COUNT ONE**

12.    The defendants adopt and incorporate by reference their responses to Paragraphs 6 to 11 as if fully set forth verbatim herein.

13.    The defendants admit that the Fourth Amendment includes a right against unreasonable seizure, but deny that excessive force was used in this case.  The defendants deny all other allegations of Paragraph 13.

14.    The defendants deny the allegations of Paragraph 14.

15.    The defendants deny the allegations of Paragraph 15.

16.    The defendants deny the allegations of Paragraph 16.

**COUNT TWO**

16. [sic]    The defendants adopt and incorporate by reference their responses to Paragraphs 6 to 11 as if fully set forth verbatim herein.

17.    The defendants deny the allegations of Paragraph 17.

18.    The defendants deny the allegations of Paragraph 18.

**COUNT THREE**

19.    The defendants adopt and incorporate by reference their responses to Paragraphs 6 to 11 as if fully set forth verbatim herein.

20.    The defendants deny the allegations of Paragraph 20.

**COUNT FOUR**

21.    The defendants adopt and incorporate by reference their responses to Paragraphs 6 to 11 as if fully set forth verbatim herein.

22.    The defendants deny that Paragraph 22 is a correct statement of the law.  The City of Florala has immunity from claims based upon hiring, training and supervision of police officers.

23.    The defendants deny the allegations of Paragraph 23.

24.    The defendants deny the allegations of Paragraph 24.

25.    The defendants deny the allegations of Paragraph 25.

<u>**COUNT FIVE**</u>

26.    The defendants adopt and incorporate by reference their responses to Paragraphs 6 to 11 as if fully set forth verbatim herein.

27.    The defendants deny the allegations of Paragraph 27.

28.    The defendants admit that plaintiff Hobby is entitled to the equal protection of the laws.  The defendants deny all other allegations of Paragraph 28.

29.    The defendants deny the allegations of Paragraph 29.

30.    The defendants deny the allegations of Paragraph 30.

<u>**COUNT SIX**</u>

31.    The defendants adopt and incorporate by reference their responses to Paragraphs 6 to 11 as if fully set forth verbatim herein.

32.    The defendants deny the allegations of Paragraph 32.

33.    The defendants admit that plaintiffs Hobby and Clyde Scofield are entitled to the equal protection of the laws.   The defendants deny all other allegations of Paragraph 33.

33. [sic]    The defendants deny the allegations of the second Paragraph 33.

29. [sic]    The defendants deny the allegations of the second Paragraph 29.

## FIRST DEFENSE

The defendants plead the doctrine of collateral estoppel.

## SECOND DEFENSE

The defendants plead issue preclusion.

## THIRD DEFENSE

The defendants plead contributory negligence.

## FOURTH DEFENSE

The defendants plead assumption of the risk.

## FIFTH DEFENSE

The defendants plead qualified immunity.

## SIXTH DEFENSE

The defendants plead State-agent immunity.

## SEVENTH DEFENSE

The defendants plead municipal immunity.

## EIGHTH DEFENSE

The defendants plead Code of Alabama § 6-5-338 (1975).

## NINTH DEFENSE

The defendants plead Code of Alabama § 11-47-190 (1975).

### TENTH DEFENSE

The defendants plead <u>Cranman</u> immunity.  <u>See</u> <u>Ex parte Cranman</u>, 792 So.2d 392 (Ala. 1999).

### ELEVENTH DEFENSE

The defendant plead municipal immunity from punitive damages under state and federal law.  <u>See</u> Ala. Code § 6-11-26 (1975); <u>City of Newport v. Fact Concerts, Inc.</u>, 453. U.S. 247, 271 (1981).

### TWELFTH DEFENSE

The defendants plead Code of Alabama § 11-93-2 (1975).

### THIRTEENTH DEFENSE

The defendants plead failure to mitigate.

### FOURTEENTH DEFENSE

The defendants plead the statute of limitations.

### FIFTEENTH DEFENSE

The defendants plead self-defense.

### SIXTEENTH DEFENSE

The defendants plead justification.

### SEVENTEENTH DEFENSE

The defendants plead privilege.

### EIGHTEENTH DEFENSE

The defendants plead the plaintiff's claims are barred by her participation in illegal acts.  <u>See</u> <u>Oden v. Pepsi Cola Bottling Co.</u>, 621 So.2d 953 (Ala. 1993).

## NINTEENTH DEFENSE

The defendants plead estoppel.

## TWENTIETH DEFENSE

The defendants plead the Rooker-Feldman doctrine.

## TWENTY-FIRST DEFENSE

The defendants plead the plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994).

## TWENTY-SECOND DEFENSE

The defendants plead the doctrine of res judicata.

## TWENTY-THIRD DEFENSE

The defendants plead the doctrine of judicial estoppel.

## TWENTY-FOURTH DEFENSE

The defendants plead Ala. Code § 13A-3-22 (1975).

## TWENTY-FIFTH DEFENSE

The defendants plead Ala. Code § 13A-10-5 (1975).

## TWENTY-SIXTH DEFENSE

The defendants plead sudden emergency.

## TWENTY-SEVENTH DEFENSE

The defendants plead defense of another.

## NOTICE

The defendants assert that this action is groundless, frivolous, unreasonable, and/or without foundation and brought in bad faith.     The

defendants intend to pursue attorney's fees and expenses against the plaintiffs.

See Hughes v. Rowe, 449 U.S. 5, 14-15 (1980).


                                        s/ James H. Pike
                                        James H. Pike (PIK003)
                                        Attorney for Defendants
                                        The City of Florala, Alabama and
                                        Neil Pittman

OF COUNSEL:

SHEALY, CRUM & PIKE, P.C.
P.O. Box 6346
Dothan, Alabama 36302-6346
Tel. (334) 677-3000
Fax (334) 677-0030
E-mail: jpike@scplaw.us

## CERTIFICATE OF SERVICE

I, James H. Pike, certify that on July 20, 2007, I electronically served a

copy of this document upon the following:

        Steve Blair
        P.O. Box 310843
        Enterprise, Alabama 36331

        Charles M. Brunson
        JARED & BRUNSON
        P.O. Box 358
        Elba, Alabama 36323


                                        s/ James H. Pike
                                        James H. Pike

8